PETTIGREW,
1, concurring.
11The majority recognizes, and I agree, that a claim for negligent infliction of genuine and serious emotional distress is a viable claim in Louisiana. Barrino v. East Baton Rouge Parish School Bd., 96-1824 (La.App. 1 Cir. 6/20/97), 697 So.2d 27, 33. The majority then relieves the Sheriffs Office of liability by finding that the Sheriffs Office has no special duty to preserve evidence obtained during the investigation of a particular crime for the benefit of the victim of the crime. I disagree with this legal premise based on the general duties of the Sheriffs Office pursuant to La. R.S. 33:1435 and La. Civ.Code art. 2315 and the Rights of Crime Victims and Witnesses’ Act, pursuant to La. R.S. 46:1841 et seq., as amended. In particular, La. R.S. 46:1844(1) provides that “[t]he victim shall be protected at all times by all rules and laws governing the criminal procedure and the admissibility of evidence applicable to criminal proceedings.” Moreover, La. R.S. 46:1844(L) provides that “[a]ll judicial and law enforcement agencies shall expeditiously return any stolen or other personal property to victims or victims’ families when no longer needed as evidence.”
Ultimately, I am of the opinion there is a legal duty to preserve evidence obtained during the investigation of a particular crime, not only for the benefit of the general public, but also the victim of the crime.
However, I still concur in the result reached by the majority because I am of the opinion the plaintiff failed to carry her burden of proof to prove serious emotional distress caused by the destruction of the evidence as required in Barrino.